IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Stephen C. Beltowski, | Case No. 1:08 CV 2651 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Margaret Bradshaw, | |
| Respondent. | |

Petitioner Stephen Beltowski filed a Petition for Writ of Habeas Corpus (Doc. No. 1). The case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2).

The Magistrate filed the R&R on November 30, 2009, recommending a denial of the Petition (Doc. No. 24). Petitioner failed to file any objections, and, after review, this Court adopted the R&R on December 23, 2009 (Doc. Nos. 25 & 26).

Four months later, and almost five months since the Magistrate filed the R&R, Petitioner filed his Objections to the R&R (Doc. No. 27). Petitioner claims he filed a request for an extension of time to file his Objection after he received the R&R in December. This Court has no record of any such request. Petitioner states he had only three days to file his Objection after he received the R&R on December 5, 2009. While this is accurate according to the statutory time limits, this Court did not address the R&R until December 23, 2009, which provided Petitioner with sufficient time to draft and file any Objection. Additionally, while Petitioner does not state how much time he requested as a

filing extension, four months is an unreasonable amount of time for such an extension. No federal civil or criminal rule allows for four months to respond to a filing, and this Court would not have granted such a request.

Even were this Court to address Petitioner's newly filed Objection, it would still adopt the conclusions of the R&R. The Magistrate correctly concluded that Petitioner does not have a federal constitutional right to a verbatim transcript with no errors whatsoever, and that the amended transcript provided to the state court of appeals afforded Petitioner a record of sufficient completeness to permit proper consideration of his claims. *Draper v. Wash.*, 372 U.S. 487, 495-97 (1963). Furthermore, Petitioner has not shown that an amended transcript would have assisted him in identifying additional error. Thus, the amended transcript was sufficiently complete to permit proper consideration of Petitioner's claims. *Id.*

The Magistrate also correctly concluded that Petitioner's ineffective assistance of trial counsel claim is without merit. To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy both prongs of the *Strickland* test: performance and prejudice. *Harries v. Bell*, 417 F.3d 631, 636 (6th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 686-692 (1984)). Petitioner satisfies neither prong. Petitioner argues his trial counsel should have maintained his objections to a witness' testimony, but trial counsel did object to that witness, and that objection was partially granted. Additionally, the Magistrate correctly concluded that the decisions whether to ask for a continuance at trial and whether to emphasize one argument over another on appeal are both strategic decisions. Such strategic decisions do not form the basis of an ineffective assistance claim without further evidence. *Strickland*, 466 U.S. at 681.

Finally, the Magistrate correctly concluded that Petitioner's ineffective assistance of appellate counsel claims are without merit. Petitioner claims that appellate counsel was ineffective for failing to file a timely objection to the amended transcripts, for not raising a claim regarding his sentence, and for not raising a claim that trial counsel was ineffective for not objecting to leading questions being posed to a witness.

Claims of ineffective assistance of appellate counsel are also subject to the *Strickland* test. *Evans v. Hudson*, 575 F.3d 560, 564 (6th Cir. 2009) (*citing Mahdi v. Bagley*, 522 F.3d 632, 636 (6th Cir. 2008)). The Magistrate correctly applied this test in concluding that appellate counsel's failure to attend two hearings in which the content of the transcript was addressed and to file a timely objection to the amended transcript was not unreasonable. Petitioner was represented by trial counsel at the hearing, and trial counsel was better suited to make objections to the completeness of the record. Thus, Petitioner failed to show how appellate counsel's presence at the hearings or objections to the amended transcript would have resulted in a more favorable decision by the court of appeals.

With respect to Petitioner's sentencing claims, the Magistrate correctly concluded that although appellate counsel failed to raise a claim with regard to sentencing, the appellate court still considered whether Petitioner's sentence was in line with *State v. Foster*, 109 Ohio St. 3d 1 (2006) (Doc. No. 8, Ex. 28). The Magistrate found appellate counsel's failure to raise this issue did not affect the outcome of the appellate decision, and thus Petitioner's claim does not amount to an ineffective assistance of counsel.

Petitioner's claim that appellate counsel failed to raise a claim that trial counsel was ineffective for not objecting to leading questions is without merit. The Magistrate correctly concluded that simply failing to object to an alleged error is insufficient to sustain a claim of ineffective

3

assistance of counsel, unless it is also shown that counsel violated an essential duty owed the client. *Joseph v. Coyle*, 469 F.3d 441, 460 (6th Cir. 2006). The Magistrate concluded that since appellate counsel did not breach an "essential duty" owed to the Petitioner, appellate counsel was not ineffective.

In sum, Petitioner's Objections are both untimely and without merit, and the previous denial of the Petition is affirmed. Further, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

May 28, 2010